08 FFICE COPY 4519

BLANK ROME LLP
Attorneys for Plaintiff
D'AMATO FRATELLI SPA
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
(212) 885-5000


RECEIVED MAY 15 2008 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D'AMATO FRATELLI SPA,<br><br>        Plaintiff,<br><br>-against-<br><br>KREMIKOVTZI TRADE E.O.O.D, KREMIKOVTZI TRADE LTD., KREMIKOVTZI TREYD, KREMIKOVTZI A.D., KREMIKOVTZI CORP., FINMETALS HOLDING A.D., FINMETALS HOLDING EAD, DARU METALS LTD., GLOBAL STEEL HOLDINGS LTD., GSHL BULGARIA S.A, GLOBAL STEEL PHILIPPINES, INC., GLOBAL STEEL PHILIPPINES SPV-AMC, INC., UNICORN STEEL FZE, GLOBAL MARITIME NAVIGATION LTD, GLOBAL MERITAYM NEVIGEYSHAN, NOVAIDEYA-2004, STEEL SHIPPING AND FORWARDING PLC a/ka STIL SHIPING END FORUARDING a/ka SSF,<br><br>        Defendants. | 08 Civ.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, D'AMATO FRATELLI SPA ("D'AMATO" or "Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendants), alleges upon information and belief as follows:

## JURISDICTION

1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C. §1331 and 9 U.S.C. §203.

## THE PARTIES

2.     At all material times, Plaintiff was and is a corporation organized and existing under the laws of Italy with an office at Naples, Italy.

3.     At all material times, Defendant GLOBAL STEEL HOLDINGS LTD. (hereafter "GSHL") was and is a corporation organized and existing under the laws of the Isle of Man, with its registered office at 1st Floor, Murdoch House, North Shore Street, Ramsey, Isle of Man, and an office at LOB 16 501, Jebel Ali Free Zone, Dubai UAE. GSHL has no office or place of business in this Judicial District.

4.     At all material times, Defendant GSHL BULGARIA, S.A. ("hereafter "GHSL Bulgaria") was and is a corporation organized and existing under the laws of Bulgaria, with an office in Sofia, Bulgaria, and no office or place of business in this Judicial District.

5.     At all material times Defendant GLOBAL STEEL PHILIPPINES, INC. (hereafter "GLOBAL PHILIPPINES") was and is a corporation organized under the laws of the Philippines, with its office at Unit 2703, 88 Corporate Center, 141 Sedeno corner Valero Sts., Salcedo Village, Makati City 1227, Philippines, and no office or place of business in this Judicial District.

6.     At all material times Defendant GLOBAL STEEL PHILIPPINES (SPV-AMC) INC. (hereafter "GLOBAL PHILIPPINES SPV-AMC") was and is a corporation organized

under the laws of the Philippines, with its office at Unit 2703, 88 Corporate Center, 141 Sedeno corner Valero Sts., Salcedo Village, Makati City 1227, Philippines, and no office or place of business in this Judicial District. GLOBAL PHILIPPINES SPV-AMC may be the same entity as GLOBAL PHILIPPINES.

7. At all material times Defendant UNICORN STEEL FZE (hereafter "UNICORN") was and is a corporation organized under the laws of a foreign nation, with an address at P.O. Box 17852, Jebel Ali, Dubai, United Arab Emirates, and no office or place of business in this Judicial District.

8. At all material times Defendant GLOBAL MARITIME NAVIGATION LTD. (hereafter "GLOBAL MARITIME") was and is a corporation organized under the laws of a foreign nation, with no office or place of business in this Judicial District

9. GLOBAL MARITIME is also known as GLOBAL MARITIME NAVIGATION OOD and GLOBAL MERITAYM NEVIGEYSHAN, and was formerly known as NOVAIDEYA-2004.

10. At all material times Defendant FINMETALS HOLDING A.D.("FINMETALS") was and is a corporation organized under the laws of a foreign nation, with offices at 19/B Tsar Boris III Boulevard, Sofia Bulgaria, and no office or place of business in this Judicial District

11. FINMETALS HOLDING A.D. is also known as FINMETALS HOLDING E.A.D. and was formerly known as DARU METALS LTD.

12. Defendants KREMIKOVTZI TRADE EOOD, KREMIKOVTZI TRADE LTD., and KREMIKOVTZI TREYD (hereafter collectively "KREMIKOVTZI TRADE") are other names for "Kremikovtzi Trade," against which Plaintiff posses a judgment in this Court, as

discussed more fully hereafter, and are foreign entities with offices at 19/B Tsar Boris III Boulevard, Sofia Bulgaria, and no office or place of business in this Judicial District.

13. At all material times, Defendants KREMIKOVTZI AD and KREMIKOVTZI CORP. (hereafter collectively "KREMIKOVTZI") were and are foreign corporations, or are the same foreign corporation operating with two names with no office or place of business in this Judicial District.

14. At all material times Defendant STEEL SHIPPING AND FORWARDING PLC a/k/a STIL SHIPING END FORWARDING a/k/a SSF (hereafter "SSF") was and is a foreign corporation with no office or place of business in this Judicial District.

## BACKGROUND FACTS

15. Pursuant to a charter party dated April 21, 2003 ("the Charter"), Plaintiff, as owner, chartered the M.V. SALVATORE CAFEIRO ("the Vessel") to Kremikovtzi Trade, as charterer, for a voyage from Venezuela to Bulgaria.

16. In performing the Charter, Plaintiff earned demurrage it calculated to be US$151,284.37, which Kremikovtzi Trade failed and refused to pay, despite due demand.

17. Pursuant to the terms of the Charter, the disputes arising under the Charter were submitted to arbitration in London and Plaintiff was awarded the sum of US$163,325.95 for demurrage, plus interest and costs.

18. On December 16, 2005, Plaintiff commenced a lawsuit against Kremikovtzi Trade in this Court, Docket No. 05Civ.10585(VM), to recover judgment for the amounts due under the Charter and Arbitration Award, and obtained issuance of Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

19. Although Plaintiff attached funds in the amount of its claim, Plaintiff's interest in some of those funds is alleged to be inferior to another attaching creditor, and of equal priority to still another attaching creditor. Additionally, GSHL Bulgaria claims that it owns some of the funds in question, not Kremikovtzi Trade.

20. On May 23, 2005, this Court entered a default judgment in favor of Plaintiff against Kremikovtzi Trade in the amount of US$169,375.14, no part of which has been paid.

### THE DEFENDANTS' RELATIONSHIPS

21. GSHL directly or indirectly owns all the other Defendants in whole or in part, and dominates and controls the other Defendants to the extent that the other Defendants conduct the business of GSHL without regard to the corporate separateness of GSHL and the other Defendants. GSHL and the other Defendants are all alter egos of one another.

22. Although GSHL continues to enter into the vessel charter market to charter vessels "for account of" GSHL, it makes its charter parties, as well as its contracts of purchase and sale for the cargoes to be carried on such chartered vessels, in the names of other of the Defendants.

23. Various of the Defendants share the same offices, telephone and telefax numbers, officers, directors, and employees with other Defendants.

24. Various of the Defendants have paid monies owed to third parties by other Defendants.

25. Various of the Defendants have guaranteed performance of contracts of other Defendants.

601411.00002/6637793v.1

26. Various of the Defendants have transferred funds on behalf of the other Defendants in order to avoid attachment of such funds in law suits against such other Defendants, in particular KREMIKOVTZI, KREMKOVTZI TRADE, and GSHL.

27. Defendants' common or overlapping ownership, management, officers, directors, employees and addresses, their payment of debts of some with funds of others, and their conduct of the business of one by one or more of the others, are all done in disregard of each Defendant's separate corporate integrity. Defendants conduct business as a single business entity, controlled by GSHL and/or its owners, in which each entity is the alter ego and/or agent of the others and all the Defendants are operated as the personal business of GSHL and/or its owners.

28. By reason of the premises, each of said Defendants is liable for the debts of the others, including the debts of Kremikovtzi Trade to Plaintiff under the Charter.

29. KREMIKOVTZI owns and operates a steel mill in Bulgaria.

30. KREMIKOVTZI is 71% owned by FINMETALS.

31. FINMETALS is 100% owned by GSHL.

32. GSHL and KREMIKOVTZI share at least eight directors in common; KREMIKOVTZI'S Chief Executive Officer, Vilas Jamnis, is a director of GSHL; and KREMIKOVTZI's Chairman of the Executive Board, P.K. Mittal, is also on GSHL's board of directors.

33. GSHL is named on KREMIKOVTZI's website and lists KREMIKOVTSI as "a GSHL Unit." GSHL is listed as the copyright name at the bottom of each page of KREMIKOVTSI's website. GSHL lacks its own website.

34. KREMIKOVTZI TRADE is a shell company owned and dominated by KREMIKOVTZI and/or GSHL and is or was used, under its various names, by GSHL and

KREMIKOVTZI to conduct KREMKOVTZI's and GSHL's business, including the SALVATORE CAFEIRO Charter, without regard to the corporate separateness between KREMIKOVTZI and KREMIKOVTZI TRADE.

35. GSHL Bulgaria and GSHL Philippines are owned by GSHL or by the owners of GSHL and are dominated and controlled by GSHL to the extent that they conduct GSHL's business without regard to the respective corporate separateness between GSHL, GSHL Bulgaria and GSHL Philippines.

36. GSHL and GSHL Bulgaria often use their names interchangeably.

37. GLOBAL PHILIPPINES' website states:

> Global Steel Philippines, Incorporated (GSPI) operates and manages its business under the umbrella of Global Steel Holdings Limited (GSHL). GSHL provides leadership on matters related to business strategy, monitors, guides the performance of its entire Group companies worldwide.

38. GSHL uses GLOBAL PHILIPPINES and/or GLOBAL PHILIPPINES SPV-AMC to transfer GSHL's funds in order to avoid the attachment of GSHL's funds in law suits against GSHL. GLOBAL PHILIPPINES and/or GLOBAL PHILIPPINES SPV-AMC are thus agents for GSHL in respect of the transfer of such funds.

39. GLOBAL MARITIME is another shell company used to conduct the business of GSHL and KREMIKOVTZI, including charter parties, without regard to the corporate separateness of GLOBAL MARITIME, GSHL and KREMIKOVTZI. Toward that end, KREMIKOVTZI has guaranteed GLOBAL MARITIME's charter parties.

40. GLOBAL MARITIME and KREMIKOVTSI share common employees offices and communication numbers and addresses. For example, the Managing Director of GLOBAL MARITIME, Lazar Slanchev, uses the email address: lazar.slanchev@kremikovtzi.com.

41. GLOBAL MARITIME and KREMIKOVTSI share the same registered office: KV Botunets, Administrativna Sgrada na Kremikovtzi, 1879 Sofia, Bulgaria.

42. UNICORN is another shell company used to conduct KREMIKOVTSI's business, including charter parties, without regard to the corporate separateness of UNICORN and KREMIKOVTSI. Toward that end, KREMIKOVTZI TRADE has guaranteed UNICORN's performance of charter parties. KREMIKOVTZI and/or KREMIKOVTI TRADE, and GSHL Bulgaria, have used their funds to settle UNICORN's debts.

43. SSF is another shell corporation through which FINMETALS and KREMIKOVTZI conduct their business, is owned by and shares offices and a telephone number with FINMETALS, and is used to transfer funds belonging to KREMIKOVTZI, KREMIKOVTZI TRADE, GSHL, and/or FINMETALS.

44. GSHL Bulgaria, GSHL, and KREMIKOVTSI share common ownership and management. Alok Gupka, while CEO of KREMIKOVTZI, has instructed Bank of America to make payments to GSHL Bulgaria's account. GSHL Bulgaria, GSHL and KREMIKOVTZI share a common block of telephone numbers.

45. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$169,375.14** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court award Plaintiff its damages;

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       May 14 2008

                                            Respectfully submitted,
                                            BLANK ROME, LLP
                                            Attorneys for Plaintiff

                                            By _____
                                               Jack A. Greenbaum (JG 0039)
                                            The Chrysler Building
                                            405 Lexington Ave.
                                            New York, NY 10174-0208
                                            (212) 885-5000

601411.00002/6637793v.1

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction at this time.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
14 day of May 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
D'AMATO FRATELLI SPA.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D'AMATO FRATELLI SPA,<br><br>          Plaintiff,<br><br>          -against-<br><br>KREMIKOVTZI TRADE E.O.O.D, KREMIKOVTZI TRADE LTD., KREMIKOVTZI TREYD, KREMIKOVTZI A.D., KREMIKOVTZI CORP., FINMETALS HOLDING A.D., FINMETALS HOLDING EAD, DARU METALS LTD., GLOBAL STEEL HOLDINGS LTD., GSHL BULGARIA S.A, GLOBAL STEEL PHILIPPINES, INC., GLOBAL STEEL PHILIPPINES SPV-AMC, INC., UNICORN STEEL FZE, GLOBAL MARITIME NAVIGATION LTD, GLOBAL MERITAYM NEVIGEYSHAN, NOVAIDEYA-2004, STEEL SHIPPING AND FORWARDING PLC a/ka STIL SHIPING END FORUARDING a/ka SSF,<br><br>          Defendants. | 08 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK      )
                                     ) ss:
COUNTY OF NEW YORK   )

        JACK A. GREENBAUM, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, KREMIKOVTZI TRADE E.O.O.D, KREMIKOVTZI TRADE LTD., KREMIKOVTZI TREYD, KREMIKOVTZI A.D., KREMIKOVTZI CORP., FINMETALS HOLDING A.D., FINMETALS HOLDING EAD, DARU METALS LTD., GLOBAL STEEL HOLDINGS LTD., GSHL BULGARIA S.A, GLOBAL STEEL PHILIPPINES, INC., GLOBAL STEEL PHILIPPINES SPV-AMC, INC., UNICORN STEEL FZE, GLOBAL MARITIME NAVIGATION LTD, GLOBAL MERITAYM NEVIGEYSHAN, NOVAIDEYA-2004, STEEL SHIPPING AND FORWARDING PLC a/ka STIL SHIPING END FORUARDING a/ka SSF, ("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. At all material times, Defendant GLOBAL STEEL HOLDINGS LTD. (hereafter "GSHL") was and is a corporation organized and existing under the laws of the Isle of Man, with its registered office at 1st Floor, Murdoch House, North Shore Street, Ramsey, Isle of Man, and an office at LOB 16 501, Jebel Ali Free Zone, Dubai UAE. GSHL has no office or place of business in this Judicial District.

3. At all material times, Defendant GSHL BULGARIA, S.A. ("hereafter "GHSL Bulgaria") was and is a corporation organized and existing under the laws of Bulgaria, with an office in Sofia, Bulgaria, and no office or place of business in this Judicial District.

4. At all material times Defendant GLOBAL STEEL PHILIPPINES, INC. (hereafter "GLOBAL PHILIPPINES") was and is a corporation organized under the laws of the Philippines, with its office at Unit 2703, 88 Corporate Center, 141 Sedeno corner Valero Sts.,

Salcedo Village, Makati City 1227, Philippines, and no office or place of business in this Judicial District.

5. At all material times Defendant GLOBAL STEEL PHILIPPINES (SPV-AMC) INC. (hereafter "GLOBAL PHILIPPINES SPV-AMC") was and is a corporation organized under the laws of the Philippines, with its office at Unit 2703, 88 Corporate Center, 141 Sedeno corner Valero Sts., Salcedo Village, Makati City 1227, Philippines, and no office or place of business in this Judicial District. GLOBAL PHILIPPINES SPV-AMC may be the same entity as GLOBAL PHILIPPINES.

6. At all material times Defendant UNICORN STEEL FZE (hereafter "UNICORN") was and is a corporation organized under the laws of a foreign nation, with an address at P.O. Box 17852, Jebel Ali, Dubai, United Arab Emirates, and no office or place of business in this Judicial District.

7. At all material times Defendant GLOBAL MARITIME NAVIGATION LTD. (hereafter "GLOBAL MARITIME") was and is a corporation organized under the laws of a foreign nation, with no office or place of business in this Judicial District

8. GLOBAL MARITIME is also known as GLOBAL MARITIME NAVIGATION OOD and GLOBAL MERITAYM NEVIGEYSHAN, and was formerly known as NOVAIDEYA-2004.

9. At all material times Defendant FINMETALS HOLDING A.D.("FINMETALS") was and is a corporation organized under the laws of a foreign nation, with offices at 19/B Tsar Boris III Boulevard, Sofia Bulgaria, and no office or place of business in this Judicial District

10. FINMETALS HOLDING A.D. is also known as FINMETALS HOLDING E.A.D. and was formerly known as DARU METALS LTD.

11. Defendants KREMIKOVTZI TRADE EOOD, KREMIKOVTZI TRADE LTD., and KREMIKOVTZI TREYD (hereafter collectively "KREMIKOVTZI TRADE") are other names for "Kremikovtzi Trade," against which Plaintiff posses a judgment in this Court, as discussed more fully hereafter, and are foreign entities with offices at 19/B Tsar Boris III Boulevard, Sofia Bulgaria, and no office or place of business in this Judicial District.

12. At all material times, Defendants KREMIKOVTZI AD and KREMIKOVTZI CORP. (hereafter collectively "KREMIKOVTZI") were and are foreign corporations, or are the same foreign corporation operating with two names with no office or place of business in this Judicial District.

13. At all material times Defendant STEEL SHIPPING AND FORWARDING PLC a/k/a STIL SHIPING END FORWARDING a/k/a SSF (hereafter "SSF") was and is a foreign corporation with no office or place of business in this Judicial District.

14. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

15. In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
14TH day of May, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

601411.00002/6638759v.1